# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CYNTHIA L. PAYTON,              ) | |
| ) | No. 8:10-cv-2276-DCN |
| Plaintiff,           ) | |
| ) | |
| vs.                                          ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY,             ) | |
| ) | |
| Defendant.         ) | |
| ) | |

     This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff requests $5,468.39 in attorney's fees on the ground that she is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified. For the reasons set forth below, the court grants plaintiff's motion.

## I.  BACKGROUND

     Plaintiff Cynthia L. Payton filed an application for disability insurance benefits (DIB) on June 3, 2005. The Commissioner denied her claim initially and on reconsideration. Following two hearings before an Administrative Law Judge (ALJ), in which Payton appeared pro se, the ALJ issued an unfavorable decision. In his decision, the ALJ found Payton was not disabled during the period at issue. Applying the five-step sequential process, the ALJ first found that Payton had the severe impairments of status post left lower extremity and right shoulder injury. The ALJ

1

additionally found that Payton had the non-severe impairments of tachycardia, asthma, and allergies.  Next, the ALJ determined that during the period at issue, Payton did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. part 404, subpart P, appendix 1.  Further, the ALJ found that Payton had the residual functional capacity to perform sedentary work with limitations of occasional overhead reaching with the right arm and pushing and pulling, no climbing, and occasional stooping and crawling.  Finally, the ALJ determined that Payton was unable to perform any past relevant work but that jobs existed in significant numbers in the national economy that she could perform.

The Appeals Council denied Payton's request for review, rendering the ALJ's decision the final decision of the Commissioner.  Payton then filed suit in federal court under 42 U.S.C. § 405(g), asserting that the ALJ's decision was not supported by substantial evidence.  Payton alleged several errors committed by the ALJ, including that the ALJ failed to adequately consider the combined effect of her impairments.  The magistrate judge filed a report and recommendation (R&R), in which she agreed with this argument and found that the ALJ erred by giving inadequate support for his finding that Payton's "additional [nonexertional] limitations have little or no effect on the occupational base of unskilled sedentary work."  Tr. 43.  A finding that Payton was unable to perform the full range of sedentary work because of a combination of significant exertional and nonexertional impairments would have precluded the ALJ's exclusive reliance on the Medical-

Vocational Guidelines, or Grids. Due to these deficiencies, the magistrate judge was unable to conclude that substantial evidence supported the ALJ's decision to deny benefits. Accordingly, the magistrate judge recommended that the court reverse the Commissioner's decision and remand for further proceedings.

The Commissioner did not file objections to the R&R. This court thereafter adopted the R&R and reversed and remanded to the ALJ.

## II.   DISCUSSION

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Payton is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Therefore, as the non-prevailing party, the government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that the government's position was not substantially justified simply because it lost the case. Crawford, 935 F.2d at 656.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Id. at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").

Here, the Commissioner argues that its position was substantially justified because the ALJ properly evaluated the combination of Payton's alleged impairments. More specifically, the Commissioner contends that the ALJ reasonably found that Payton's nonexertional limitations did not erode the occupational base of unskilled sedentary level jobs and that the ALJ properly utilized the Medical-Vocational Guidelines, or Grids, as a framework in reaching his decision. However, the established law of this Circuit requires that an ALJ adequately explain whether a claimant's nonexertional limitations are significant such that they affect the claimant's residual functional capacity to perform work of which she is exertionally capable. See Smith v. Schweiker, 719 F.3d 723, 725 (4th Cir. 1984); Hall v. Harris, 658 F.2d 260, 266 (4th Cir. 1981). As noted by the magistrate judge, the ALJ failed to adequately conduct this analysis.[1]

Moreover, a finding that Payton was unable to perform the full range of sedentary work because of the combined effect of her exertional and nonexertional

---

[1] The magistrate judge wrote, "The ALJ provided no reasoning for his assertion that Plaintiff's 'additional limitations' had 'little or no effect on the occupational base,' and the Court has found nothing in the ALJ's decision explaining Plaintiff could perform the full range of sedentary work or that Plaintiff's nonexertional limitations were insignificant. . . . [T]he record indicates Plaintiff had nonexertional limitations such as mild limitations in social functioning, concentration, and persistence—which were mentioned but not discussed by the ALJ—as well as memory problems and nonexertional pain." R&R at 22 (record cites omitted).

limitations would have precluded exclusive reliance on the Grids; however, the ALJ simply concluded that Payton was not disabled pursuant to Grid Rule 201.28. It is well established that when "nonexertional limitations . . . occur in conjunction with exertional limitations," the Grids "are not to be treated as conclusive." Coffman, 829 F.2d at 518; Hammond v. Heckler, 765 F.2d 424, 426-27 (4th Cir. 1985). In that scenario, the Commissioner bears the burden of proving through vocational testimony, rather than exclusive reliance on the Grids, that despite a claimant's combination of exertional and nonexertional impairments, jobs exist in significant numbers in the national economy that the claimant can perform. See Walker, 889 F.2d at 49; Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). The ALJ's failure to perform the analysis required by this Circuit favors a finding that the Commissioner's position was not substantially justified.[2]

    The Commissioner also argues that despite the ALJ's error, the record still supports his determination. This argument is essentially one of harmless error. In adopting the magistrate judge's R&R and remanding to the ALJ, this court already concluded that the ALJ's error was not harmless but instead necessitated further administrative proceedings. Therefore, this argument is without merit.

---

[2] The magistrate judge found that the "ALJ's conclusion appears to acknowledge the presence of exertional and nonexertional limitations which restrict Plaintiff from performing the full range of sedentary work," but that the ALJ relied solely on the Grids. R&R at 22. Again, the ALJ's decision was devoid of any explanation that Payton's nonexertional limitations were insignificant or that Payton could perform the full range of sedentary work. "[T]he duty of explanation is always an important aspect of the administrative charge . . . ." Hammond, 765 F.2d at 426.

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust.

### III.   CONCLUSION

Based on the foregoing, the court grants plaintiff's motion for attorney's fees under the EAJA.[3]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**May 22, 2012
Charleston, South Carolina**

---

[3] Plaintiff seeks an award of $5,468.39 in attorney's fees at a rate of $169.30 an hour for a total of 32.30 hours of work in federal court. See Pl.'s Mot. for Attorney's Fees 1. Defendant did not object to this calculation of the fee. Defendant does object to Payton's request that fees be awarded directly to her attorney. Payton signed an affidavit that assigns all fees awarded under the EAJA to her attorney. However, the Supreme Court has recently held that the EAJA requires attorney's fees to be awarded directly to the litigant. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts."); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (same). In addition, this court has held that EAJA fees are payable to the plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See Washington v. Astrue, No. 08-2631, 2010 WL 3023048, at *5 (D.S.C. July 29, 2010). Therefore, the court grants attorney's fees to plaintiff, not her attorney, in the amount of $5,468.39.

6